IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON PAWLAK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMPUSOLVEPA.COM, et al. | : | NO. 15-438 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                                  July 14, 2015

      After I held a settlement conference at the request of the Honorable Mary McLaughlin, the case settled with the parties agreeing that the court would determine reasonable attorney's fees and costs to be awarded to Plaintiff.  The parties consented to magistrate judge jurisdiction and Judge McLaughlin referred the case in its entirety.  See Doc. 17.  On June 5, 2015, I approved the settlement agreement and directed Plaintiff's counsel to submit a fee petition, to which Defendant could respond.  See Doc. 19.  Both sides have complied, see Docs. 21 & 22, and Plaintiff filed a reply.  See Doc. 23.  In the petition, Plaintiff's counsel seeks fees and costs totaling $15,134.75.  See Doc. 21.  Defendant counters that the requested fees are excessive in light of the lack of complexity and early resolution of the case and in comparison to the fees paid to court-appointed counsel in criminal matters.

**I.     LODESTAR**

      The logical starting point for determining attorneys' fees is the reasonable number of hours expended multiplied by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Young v. Credit Bureau Servs., Civ. No. 13-5577, 2015

WL 1808581, at *2 (E.D. Pa. Apr. 21, 2015).  This calculation results in the "lodestar," which is presumptively correct, but which the court may adjust as appropriate.  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990); see also Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 177-78 (3d Cir. 2001).  When a court reviews a fee request, the prevailing party's counsel has the burden of showing that the fee request is proper and supported by evidence.  Id.  "Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections."  Id.

  A. Reasonable Hourly Rate

"Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community."  Rode, 892 F.2d at 183.  In making this determination, "the court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Id.  Here, Plaintiff's counsel has requested an hourly rate of $450 and has provided declarations from two other attorneys who practice employment law in the Philadelphia market, Marc E. Weinstein, Esq. and Mark A. Sereni, Esq., who have stated that $450 is a reasonable rate for attorneys of Plaintiff's counsel's caliber with his experience, qualifications and reputation.[1]

---

[1] Mr. Weinstein noted that Plaintiff's counsel is considered a pioneer in the field, successfully pursuing novel legal theories in the area and believed $450 an hour would be at the low end of the billing range for Plaintiff's counsel.  See Doc. 21-2 at 7.

The court notes that Defendants did not take issue with "the reputation or skill of opposing counsel," see Doc. 22 at 5, but challenge the fee request as excessive in light of the amount in controversy and the stage at which the case settled. Id. at 3-5. Defendants argue that "[i]t is difficult to reconcile [the figures provided by Plaintiff's counsel] with other fees paid in the federal courts," specifically relying on the a fee of $127 per hour paid court-appointed criminal defense attorneys. See Doc. 22 at 6. However the lodestar test looks to the prevailing market rate in the relevant community and focuses on the practice area. See Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001) (requiring comparison to similar services by lawyers of reasonably comparable skill, experience, and reputation). Accordingly, the national rate set for court-appointed criminal defense counsel is not relevant in this case.

Here, Plaintiff's counsel is recognized for his prowess in employment law. See Doc. 21-2 at 6-7. Based on the Range of Hourly Rates used by Community Legal Services ("the CLS Fee Schedule") Plaintiff's counsel provided, he is billing at lower than his more than 20 years of experience would permit. See id. at 5.[2] "The Third Circuit has held that courts may look at the CLS Fee Schedule in determining a reasonable hourly rate for counsel." Loesch v. City of Philadelphia, Civ. No. 05-578, 2008 WL 2557429, at *3 (E.D. Pa. June 25, 2008) (citing Maldonado v. Houstoun, 256

---

[2]The CLS "Range of Hourly Rates," which is attached to Plaintiff's counsel's declaration, identifies hourly rates based on years of experience, and states that it is "used by CLS only in cases in which the law allows for the award of attorney's fees from opposing parties." See Doc. 21-1, Exh. 2.

F.3d 181, 184, 187 (3de Cir. 2001). The court is persuaded by the declarations attached to counsel's fee petition that the rate of $450 is a reasonable rate for Plaintiff's counsel.

However, the Third Circuit has noted that the rate charged is also dependent upon the activity for which it is charged.

> A claim by a lawyer for maximum rates for telephone calls with a client, legal research, a letter concerning a discovery request, the drafting of a brief, and trial time in court is neither fair nor reasonable. Many of these tasks are effectively performed by administrative assistants, paralegals, or secretaries. As such, to claim the same high reimbursement rate for the wide range of tasks performed is unreasonable.

Loughner, 2690 F.3d at 180; see also McMullan v. Thornburgh, 570 F. Supp. 1070, 1074 (E.D. Pa. 1983) (questioning an attorney billing his prime rate for routine telephone calls and routine depositions).

Here, there was no trial time, no deposition taken, and no motion filed or argued. Yet, Plaintiff's counsel has billed at a rate of $450 per hour for every tenth of an hour spent on the case, including exchanging emails with defense counsel to schedule the Rule 26 meeting and exchanging emails with chambers to schedule a settlement conference.[3] Such time is more properly billed at a substantially lower rate. Similarly, basic correspondence with the client to update him on the status of the case or forward him an order, filing a summons, reviewing the Rule 16 Notice from the court and other routine orders from the court, and discussing and agreeing to an extension of time for defense

---

[3]For example, it is excessive to charge $90 for 12 minutes' correspondence with my deputy to schedule a settlement conference.

counsel to respond to the Complaint are more akin to work that would ordinarily be performed by a junior associate or paralegal.

Plaintiff's counsel and one of the attorneys who has attested to his rate rely in part on the CLS Fee Schedule. According to that fee schedule, a paralegal's rate ranges from $115 - $140 per hour. Thus, I will reduce the relevant entries from $450 per hour to $115 per hour.[4]

Counsel also billed his travel time to attend the settlement conference at $450 per hour. Based on the court's records, the settlement conference lasted two hours for which counsel is properly compensated at his requested hourly rate. However, the additional 2.9 hours billed at $450 per hour is excessive. In this circuit, district courts have awarded travel time at both full and reduced rates. See Witkowski v. Int'l Bhd. of Boilermakers, Iron Shipbuilders, Local Union 154, Civ. No. 06-874, 2010 WL 1433104, at *12 (W.D. Pa. Apr. 7, 2010) (citing and discussing cases, allowing one-half fee for travel); Charles Q. v. Houstoun, Civ. No. 95-280, 1997 WL 827546, at *5 (M.D. Pa. Sept. 30, 1997) (discussing cases and compensating travel at one-half rate); Rush v. Scott Specialty Gases, Inc., 934 F. Supp. 152, 156 (E.D. Pa. 1996) (allowing full compensation when attorney worked on case during travel). The former view recognizes the lost opportunity to perform legal work while traveling, while the latter view focuses on the equity of the

---

[4]This reduction results in the following entry reductions: 1/29/2015 from $90 to $23; 2/9/2015 from $90 to $23; 2/13/2015 from $90 to $23; 2/27/2015 from $135 to $34.50; 3/3/2015 from $90 to $23; 3/10/15 from $90 to $23; 3/26/2015 from $90 to $23; 4/13/2015 from $90 to $23; 4/23/2015 from $90 to $23; 5/4/2015 from $90 to $23; 6/7/2015 from $90 to $23.

billing. In this case, it appears reasonable to reduce the billing rate for counsel's travel time to one-third of his hourly rate.[5]

### B. Hours Reasonably Expended

Although Defendants do not challenge individual line billings as unreasonable, they do, as previously mentioned, take issue with counsel's requested fees in light of the simplicity of the matter and the resolution proposed by the parties at a very early stage of the litigation. See Doc. 22 at 3, 5-6. Unless the hours billed were reasonably expended, counsel is not entitled to compensation. "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 433.

Although the court finds the bulk of the entries in counsel's fee petition reasonable, I find that certain entries are excessive or unreasonable in light of the lack of complexity and posture of the case. Counsel spent a total of 6.4 hours researching, drafting, and revising the Complaint and emailing the client regarding the Complaint. See Fee Petition Entries 1/22/2015 – 1/27/2015. Considering counsel's years of practice and reputation as "one of the best in this field," see Doc. 21-2 at 7, I believe 4 hours billed at $450 per hour appropriate for a three-count complaint alleging overtime violations under federal and state law. See Mitchell v. City of Philadelphia, Civ. No. 99-6306, 2010 WL 1370863, at *10-11 (E.D. Pa. Apr. 5, 2010) (reducing hours spent on preparation of Complaint based on extensive experience in area); Rite Aid of Pa., Inc. v. Houstoun, Civ. No. 97-2120, 1999 WL 89712, at *2 (E.D. Pa. Jan. 19, 1999) (same).

---

[5]This results in a billing of $1,335 for the 5/8/2015 entry (2 hours at $450 + 2.9 hours at $150).

At sometime in mid-April, Defendant proposed a new job offer to Plaintiff. See Fee Petition Entry 4/17/2015; Doc. 22 at 4 (noting that "parties had essentially agreed to resolve the claim" at the time of the settlement conference). On April 21, 2015, after the discussions regarding a new job had begun, counsel participated in a Rule 16 call with Judge McLaughlin. See Fee Petition Entries 4/17/2015 & 4/21/2015. Counsel claims .4 hours spent preparing for and participating in that conference call. Based on the minute entry filed by Judge McLaughlin's chambers, that call took five minutes. See Doc. 12. (This seems appropriate considering the basic scheduling discussed and the posture of the case with a proposed resolution with a job offer). Thus, I will reduce the entry for April 21 to .2 hours.

In preparation for the settlement conference, I request counsel to provide a brief statement of the case. See Doc. 14. Counsel complied with this request and billed for a total of 2.3 hours for this activity. Considering that much of the factual statement in the settlement memorandum is taken from the Complaint and the brevity which I request, 2.3 hours seems excessive for preparation of this document and I will reduce it by .3 hours.

After the settlement conference, at which time an agreement in principal was reached regarding a new job for Plaintiff, counsel spent 4.2 hours reviewing and revising the employment agreement and drafting the settlement agreement. This is excessive in light of the agreement reached and counsel's expertise. I will reduce this to 2 hours.

Finally, Plaintiff's counsel lists a total of 4 hours researching, drafting, and revising the fee petition and obtaining the supporting declarations. See Fee Petition Entries 6/8/2015 & 6/10/2015. Considering that the petition consists of nine pages, two

7

of which recite the factual background which had been discussed in the Complaint and settlement memorandum, counsel is charging over $250 a page, not including the phone calls to two colleagues to obtain declarations, preparing his own declaration, and printing out the fee petition entries from the computer. This is excessive. I will allow 2 hours for the fee petition and will not award any additional fees for the reply memorandum (Doc. 23), which was not necessary.

## II.     ADDITIONAL CONSIDERATIONS

After arriving at the lodestar, the court may adjust the fee award based on the degree of success of the litigation. If "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Hensley, 461 U.S. at 436 ("the most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained"). In this case, Plaintiff achieved success in the litigation in the form of a settlement agreement. Although not in the damages form ordinarily associated with litigation, Plaintiff obtained an employment contract with an increase in salary as a result of his litigation. I conclude that only a slight reduction, or 5%, is appropriate to reflect degree of success.

Defendants mention the limited amount in controversy. However, a proportionality analysis between the amount of damages awarded and the amount of fees counsel requests is an impermissible basis upon which to reduce a fee award. Washington v. Philadelphia Co. Court of Common Pleas, 89 F.3d 1031, 1042 (3d Cir. 1996).

**III.     CONCLUSION**

Without disclosing the confidences of the settlement discussions, the court was aware that fees posed a significant stumbling block to the settlement discussions in this case.  I appreciate the parties' and counsels' agreement to the constructive idea of carving the fees out for the court's determination.  I find Plaintiff's counsel's rate of $450 per hour to be reasonable in the employment law market in Philadelphia for his experience and expertise.  However, I find billing at such a rate for all the tasks listed unreasonable, in part.  Additionally, although I find the bulk of counsel's billed hours reasonable, I have made adjustments to those entries that seem excessive, and applied a 5% adjustment for degree of success.  The result is an award of fees of $9,171.78.  Defense counsel did not object to the reasonableness of the costs presented by counsel, so they will be awarded in full - $644.75.  This results in a total award of fees and costs of $9,816.53.

An appropriate Order follows.